A99A1749. WARREN et al. v. INSTANT LOANS & RENTAL, INC. et al.
(526 SE2d 424)

PHIPPS, Judge.

Patrina Warren and her four children resided in a house that Warren rented from Instant Loans & Rental, Inc. A fire engulfed the house, killed three of the children, and injured Warren and the other child. On behalf of herself and her children, Warren previously brought a wrongful death and personal injury action against Instant. After that action was settled by agreement of the parties, Warren initiated this suit seeking to relitigate the same claims which formed the subject matter of the prior suit. In this action, Instant and various individuals affiliated with the company were named as defendants, although Instant was later dismissed. The question for decision is whether the action against the remaining defendants is barred by the settlement agreement. Based on its construction of the agreement, the trial court answered this question in the affirmative and dismissed the complaint. We agree and affirm.

Scottsdale Insurance Company was supposed to have issued an insurance policy providing liability coverage to Instant for the fire. For reasons unrelated to any action by Instant, the policy (referred to as Scottsdale I) provided no coverage. There does exist, however, another Scottsdale Insurance Company policy (referred to as Scottsdale II) providing potential coverage. But it is Scottsdale's position that no coverage exists under either policy. As a result, Scottsdale refused to defend the prior action. The errors and omissions carrier for the entities responsible for providing the coverage, nonetheless, agreed to pay $300,000 to Warren in return for her executing a release under Scottsdale I.

In the settlement agreement, Warren accepted the $300,000 in

partial satisfaction of the subject claims. The agreement is summarized in a "whereas" clause which states that Warren, in exchange for the $300,000, agrees that she will not seek to collect any further sum against Instant or anyone affiliated with the company and that any other recovery will be limited to whatever she might recover under Scottsdale II or any other available policies of insurance "whether as assignee of [Scottsdale II] or as a judgment creditor of [Instant]."

Paragraph 2 of the settlement agreement states that if it is determined that neither Scottsdale II nor any other available policy of insurance issued by Scottsdale provides coverage for the claims arising from the fire, the $300,000 payment will constitute a complete satisfaction of these claims. "[I]n any continued pursuit of" the claims, paragraph 3 provides that Warren will only "look to and make claim for any additional sums recoverable under [Scottsdale II], or any other available policy of insurance, issued by Scottsdale. . . ." Under paragraph 4, Warren must limit all recovery on any judgment obtained in the lawsuit "or any claim arising from the incident described in the lawsuit" to any amounts recoverable against Scottsdale II or other insurance policies. Paragraph 7 requires Warren to indemnify Instant and its agents and employees for expenses they might incur in any action by Warren against Scottsdale.

Following approval of this settlement agreement, Warren received a consent judgment from Instant. Through a garnishment action, she sought to collect a $6,160,000 balance due on the judgment from Scottsdale. Scottsdale answered the summons of garnishment, denying liability. Warren then dismissed the garnishment proceeding without prejudice and later filed another summons of garnishment which remains pending.

Warren argues that under the settlement agreement she may institute this litigation to establish liability for claims arising from the fire, although she may collect judgment only to the extent there is available insurance coverage. This argument is without merit. The only future litigation contemplated by the settlement agreement consists of actions by Warren either to collect the consent judgment from Scottsdale or to litigate the issue of insurance coverage with Scottsdale. Another tort action against Instant or individuals affiliated with Instant is barred. Warren remains free to pursue her pending garnishment action against Scottsdale.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 2, 1999.

*Savage & Turner, Robert S. Kraeuter*, for appellants.

*Karsman, Brooks & Callaway, Stanley Karsman, George L. Lewis*, for appellees.